UNITED STATES of America,
Plaintiff–Appellee,

v.

Calvin THOMAS, Defendant–Appellant.

No. 00–50285.

D.C. No. CR–96–00006–RJT–03.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 30, 2001.

---

6. *Anderson,* 477 U.S. at 250.

7. *Id.* at 251.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM **

Calvin Thomas was convicted of assaulting a federal officer, armed robbery of a United Parcel Service Office, and armed robbery of a bank. *See* 18 U.S.C. §§ 111(a)(1), 1951, 2113(a) & (d). The jury also found him guilty of knowingly using and carrying, or aiding and abetting the use and carrying of, a firearm during and in relation to each of those crimes. *See* 18 U.S.C. § 924(c) (1997). Thomas appeals his sentence.[1] We affirm.

(1) Thomas asserts that his sentence is improper because imposition of the gun penalties violated the strictures of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We disagree. The gun offense charges upon which his sentence is based were all decided by the jury. Moreover, the penalties imposed were precisely the ones demanded by the gun statute itself. *See* 18 U.S.C. § 924(c). Thus, the statutory maximum was not increased by reason of some fact which was not presented to the jury. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63. The district court did not plainly err. *See United States v. Nordby,* 225 F.3d 1053, 1059–60 (9th Cir.2000). Indeed, it did not err at all.

(2) Thomas argues that counsel was ineffective at his resentencing. However, arguments of that kind are usually left to a proceeding under 28 U.S.C. § 2255, where the record can be developed. *See United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995). We are unable to say that this case is an exception to that. *See United States v. Davis,* 36 F.3d 1424, 1433 (9th Cir.1994). Thus, we decline to take the issue up.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This appeal is actually from a resentencing after his original sentence was reversed in part. *See United States v. Fields,* Nos. 98–50012, 98–50014, 2000 WL 123575 (9th Cir. Feb.1, 2000).